MITTON v. JEWELL.

1. HIGHWAYS AND STREETS—DEDICATION—WATER MAINS—ESTOPPEL OF DEDICATORS—SUMMARY PROCEEDINGS.

Summary proceedings brought by vendors under land contract against vendee which was also owner of water mains laid in streets in subdivision including land involved, *held*, not to affect rights in the streets which had been dedicated to the public and in which dedication plaintiffs had joined.

2. APPEAL AND ERROR—AFFIRMATIVE RELIEF—QUESTIONS REVIEWABLE.

Provision of decree granting defendants affirmative relief notwithstanding lack of prayer for such relief *held*, not before Supreme Court for review where appellants, appealing from dismissal of bill, make no point concerning that phase of the record.

Appeal from Wayne; Hartrick (George B.), J., presiding. Submitted October 29, 1936. (Docket No. 133, Calendar No. 39,225.) Decided March 1, 1937.

Bill by Job Mitton and wife against Harry L. Jewell and Wayne Jewell for a money decree for the unlawful taking of water supply. Decree for defendants. Plaintiffs appeal. Affirmed.

*Theo. H. Benson,* for plaintiffs.

*Beaumont, Smith & Harris,* for defendants.

NORTH, J. This bill in equity was filed by plaintiffs who are contract vendees of residential property in Grosse Ile township, Wayne county, Michigan. The property is located in a subdivision which was formerly supplied with water from the Detroit

river by means of a local water system. Plaintiffs allege that the "water main and pumping station was the property of the said (Gordon D. Everitt's Byromar Garden) subdivision and installed for its exclusive use and benefit." Defendants deny this allegation of ownership and allege that the "water mains were installed and owned by Gordon D. Everitt, Inc., a Michigan corporation * * * which mains were installed by the said Gordon D. Everitt, Inc., after having been granted the right to install the same by the township of Grosse Ile." The defendants claim ownership of the mains through the Gordon D. Everitt, Inc., and are using the system to furnish water to the above named subdivision. Plaintiffs allege that defendants demand an excessive charge ($150) for tapping the water main (to which their property was already connected) and an excessive charge (50 cents per thousand gallons) for the water used, and further that such charge is not uniform as compared with the rate charged in another subdivision. This, plaintiffs allege, has prevented them "from obtaining possible purchasers for property they have for sale in said subdivision." Plaintiffs' prayer for relief is:

"That the said defendant be decreed to pay to these plaintiffs the amount of the loss suffered by them by reason of the unlawful taking of the water supply and interfering with the water supply, and the resultant loss to these plaintiffs as aforesaid, to which they are rightfully entitled, and that this defendant restore the former and original water supply to these plaintiffs, and desist in the further use of these plaintiffs' water main."

After hearing, plaintiffs' bill of complaint was dismissed and they have appealed. In their supplemental brief appellants state: "The fundamental

question is ownership'' of the water mains. These mains through which appellants receive their water supply are laid in streets dedicated to the public. Appellants joined with Gordon D. Everitt, Inc., and others in the dedication of the plat containing these streets. Gordon D. Everitt, Inc., was a subdivider of the property where the water mains in question were laid. There is no question about its ownership of these mains. The corporation later conveyed to Harry L. Jewell ''the irrevocable and perpetual right to the use and the control of the mains which it has installed.'' This property right was subsequently assigned by Harry L. Jewell to his codefendant, Wayne Jewell.

Appellants' claim of ownership is based on the following: They, as vendors, gave a subcontract to Gordon D. Everitt, Inc., to purchase a very small portion of the land of which a plat was subsequently dedicated. As noted above, appellants joined in this dedication. Later, their vendee being in default, they terminated this contract by summary proceedings. They claim this reinvested them with title to the contract property, including a street in which a small portion of the water main was laid. Appellants even go further and claim that the summary proceedings divested the corporation of all ownership in its water mains and that thereupon the same became the property of the subdivision. Obviously this contention is not sound. The summary proceedings could not affect rights in the streets which had been dedicated to the public, appellants having joined in such dedication. The circuit judge was correct in holding that plaintiffs did not establish a right to any equitable relief.

The decree not only dismisses plaintiffs' bill of complaint but provides that plaintiffs shall pay to

Wayne D. Jewell $185.80 with accrued interest, this being a balance found to be due and unpaid from plaintiffs for charges in tapping the main and for water used by appellants. Defendants did not ask for affirmative relief; but on this appeal no point is made by appellants concerning this phase of the record. It is not before us for review.

The decree entered in the circuit court is affirmed, with costs to appellees.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. TOY, J., took no part in this decision. POTTER, J., did not sit.